# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DR. ASHOK PILLY**<br>81Canal Walk Blvd.<br>Somerset, NJ 08873<br><br>      Plaintiff<br><br>-v-<br><br>**SUSAN FULTZ**<br>4383 Shaker Rd.,<br>Franklin, OH 45005<br><br>and<br><br>**DARYL FULTZ**<br>4383 Shaker Rd.,<br>Franklin, OH 45005<br><br>      Defendants | **CASE NO. 1:25-cv-377**<br><br>**JUDGE:** _____<br><br><br>**COMPLAINT FOR BREACH OF FIDUCIARY DUTIES AND CONVERSION**<br><br><br>**JURY DEMAND ENDORSED HEREON** |

## COMPLAINT FOR BREACH OF FIDUCIARY DUTIES AND CONVERSION

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1332(a), because the matters complained of herein represent a dispute between citizens of the state of Ohio and a citizen of another state, and the amount in controversy exceeds $75,000.

2. A substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this District. Therefore, venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

### FACTUAL BACKGROUND

3. Plaintiff Dr. Ashok Pilly is a retired physician who resides at 81 Canal Walk Blvd., Somerset, NJ, 08873.

4. Upon information and belief, Defendants Susan Fultz and Daryl Fultz reside at 4383 Shaker Rd., Franklin, Butler County, Ohio 45005.

5. Upon information and belief, Defendant Susan Fultz ("Fultz") is a founder, and presently the majority member, Managing Member and/or CEO of REPS Resource, LLC (hereinafter "REPS").

6. Upon information and belief, Defendant Daryl Fultz is a founder, former member and past and/or current president of REPS.

7. REPS Resource is an Ohio limited liability company with its corporate offices located at 9120 Union Centre Boulevard in West Chester, Butler County, Ohio 45069.

8. Among other services, REPS provides engineering, software, and publication support services, primarily in the energy and aerospace industries.

9. In 2010, Dr. Pilly was approached by a group of individuals who represented that he could become an investor and part owner of a company named CSI Global, LLC, and that the company was in the process of purchasing the controlling interest of REPS Resource LLC from Defendants Susan and Daryl Fultz. Based in part upon information provided by the members of CSI Global, Dr. Pilly decided to purchase a membership interest in CSI Global, and thereby an interest in REPS.

10. In December of 2010, Dr. Pilly made a payment of $857,500.00 to Defendants Susan and Daryl Fultz, for which he was to receive an ownership interest in REPS.

11. In the months that followed, no progress was made towards the final acquisition of REPS by CSI Global. In May of 2011, Dr. Pilly and Defendants Susan and Daryl Fultz agreed that

Dr. Pilly would purchase an additional twenty-one percent (21%) interest in REPS for a payment of $827,884.62, to be wire transferred to the IOLTA account of their attorney, August Janszen.

12. Dr. Pilly and the Fultzes further agreed that the second payment, combined with Dr. Pilly's original investment, would result in Dr. Pilly owning a forty-nine percent (49%) membership interest in REPS. Dr. Pilly made the additional payment to Defendants, for a combined investment in REPS in the amount of $1,685,384.62.

13. In December 2011, Susan and Daryl Fultz initiated litigation in the Butler County Court of Common Pleas asserting that CSI Global had breached the agreement to purchase REPS. The Fultzes further alleged that CSI Global, and co-defendants Sailesh Sigatapu and Sreedhar Bandura had made material misrepresentations of fact in the negotiations for the purchase of REPS and had engaged in unfair and deceptive trade practices.

14. The Complaint made no allegation that Dr. Pilly had committed fraud, engaged in unfair trade practices or made misrepresentations during the negotiations.

15. The litigation was ultimately settled by agreement in 2011. There was no finding of wrongdoing by Dr. Pilly and ultimately, the settlement resulted in Dr. Pilly owning a 46% membership interest in REPS via his investment of $1,685,384.62.

16. Since the date of his initial investment to the present, Plaintiff Dr. Ashok Pilly has been a minority member of REPS Resources.

17. For all relevant years since Dr. Pilly's initial investment, Defendant Susan Fultz has owned a majority membership interest in REPS.

18. As a member of REPS, Dr. Pilly was and is entitled to a pro rata share of the profits of the company. In their roles as CEO, President., Majority Member, and Managing Member, the

Fultzes have at all times exercised unfettered control of REPS, including the ability to determine if, when, and in what amount, membership distributions are made.

19. For the years 2012 to 2018, REPS reported a year-end net profit in most years, ranging from $130,000- $340,000.

20. During those years, the Fultzes made membership distributions of approximately 50-80% of the year's net profit, of which, Dr. Pilly was entitled to 46%.

21. Because REPS operates as a pass-through entity, each member's pro rata share of the profits are reported to the member and the IRS via a K-1. This occurs whether or not a distribution of profits is actually made to the member. Thus, in all years that REPS reported a year end profit, 46% of that year's profits were reported to the IRS via a K-1 issued to Dr. Pilly. Dr. Pilly was and is required to pay income tax on his share of the profits, even if no distributions are made.

22. For businesses like REPS that operate as pass-through entities, it is routine for the LLC to make distributions of profit each year in an amount at least sufficient to cover each members state and federal tax obligation on their pro rata share of the reported profits. Consistent with that, in most years between 2012 to 2018, Defendants made distributions of REPS yearly profits to Dr. Pilly in an amount at least sufficient for him to cover his tax obligations.

23. That changed beginning in 2019. Beginning that year and in each subsequent year Defendants have elected to make either no distributions, or minimal distributions of profit to Dr. Pilly. This despite the fact REPS reported significant net profits in most years.

24. For the years 2019 to 2024, REPS reported combined net income totaling approximately $3,500,000. During those years, Defendants made only two distributions to Dr. Pilly: $69,000 in 2021 and $69,000 in 2022. For all other years, despite showing significant

profits, Defendants elected to make no distributions to Dr. Pilly whatsoever. Defendants have never offered any explanation as to why distributions were not being made.

25. Despite no distributions being made to Dr. Pilly, he was provided K-1's for the years 2019-2024 indicating his share of the profits of REPS was approximately $1.5 million.

26. Dr. Pilly's tax liability for his purported share of the profits for those six years was in excess of $300,000 despite the fact Dr. Pilly had actually received less than $140,000. Because Defendants chose to make virtually no distributions during this period, Dr. Pilly was forced to pay each year's tax liability out of his pocket, causing significant financial distress.

27. In total, for the years 2012 to 2024, REPS reported Dr. Pilly's share of net profits to be $3,022,811. Of that amount, only $1,103,759 was actually distributed to him. Dr. Pilly's estimated taxes for those years was $1,339,572.98, resulting in an after tax net loss of ($235,813.98).

28. After the payment of taxes, the $1.7MM investment Dr. Pilly paid to Defendants in 2011 has resulted in a rate of net return of -1.10% over the past 14 years.

29. During the same years (2019-2024) that Defendants elected to make little or no distributions to Dr. Pilly, the Fultzes appeared to have increased their own salaries significantly and paid employee bonuses of more than $2 million.

30. Through counsel, the Fultzes were asked repeatedly to identify who received the millions of dollars in bonus payments, and why they were paid. No response has ever been provided, leading Dr. Pilly to conclude that the Fultzes were making million-dollar payments to themselves during the same years when virtually no distributions were being made to him.

31. Upon information and belief, the Defendants have been paying themselves significant additional salary and bonuses each year in lieu of member distributions for the purpose of avoiding making any profit payments to Dr. Pilly, whatsoever.

32. Defendants' refusal to provide any explanation for the increased salary and bonus payments, while simultaneously making no profit distributions, suggests the purpose has been to enrich themselves while simultaneously placing Dr. Pilly in financial difficulty, and/or encourage his exit from the membership.

33. Additionally, Defendants have failed year after year to provide Dr. Pilly with timely, complete and accurate financial records of REPS Resource.

34. For virtually every year that Dr. Pilly has owned a membership interest in REPS, Defendants have failed to provide the detailed financial statements that each member of a closely held corporation is entitled to.

35. Defendants' repeated/continuous failures include: the failure to provide complete tax returns, failure to prepare/provide complete and accurate year-end financial statements, failure to prepare/provide detailed explanations of significant expenditures, and failure to prepare/provide anything approaching what would be considered review level financial documents.

36. Moreover, when financial records have been produced, even in incomplete form, they have routinely been produced so late in the tax season as to make it difficult, if not impossible, for Dr. Pilly and his tax professional to plan for his tax liability and prepare his returns.

## **COUNT I- BREACH OF FIDUCIARY DUTIES- DARYL FULTZ**

37. Plaintiff incorporates all prior paragraphs by reference as if fully rewritten herein.

38. Upon information and belief, and at all times relevant hereto, Daryl Fultz has been the President, or alternatively, a Manager of REPS Resource LLC.

39. As a manager of REPS, Defendant Daryl Fultz owed and owes a duty of loyalty to the LLC and its members. The duty includes the obligations:

   A. To account to the limited liability company and hold for it any property, profit, or benefit derived by the manager in the conduct of the limited liability company business;

   B. To refrain from dealing with the limited liability company and its members in the conduct of the LLC's business as or on behalf of a party having an interest adverse to the limited liability company, or its members.

40. As a manager of REPS, Defendant Daryl Fultz owes a duty to the LLC and its members to act in good faith and in a manner reasonably believed to be in the best interests of the LLC and its members.

41. The manager of a closely held corporation is required discharge the duties to the limited liability company and the members consistent with the implied covenant of good faith and fair dealing.

42. Defendant Daryl Fultz has breached each of the fiduciary duties owed to minority member Dr. Ashok Pilly, causing significant financial damages.

43. Specifically Daryl Fultz has breached these duties by: arranging/approving the payment of excessive salaries to himself and co-Defendant Susan Fultz; arranging/approving the payment of excessive bonuses to himself and co-Defendant Susan Fultz; by failing to provide timely, accurate financial information to Plaintiff; by failing to provide timely/accurate communications to Dr. Pilly regarding the operations of REPS; and by elevating his interests, and the interests of co-Defendant Susan Fultz over the interests of minority members such as Dr. Pilly.

44. As a result of these breaches, Plaintiff Dr. Ashok Pilly has sustained, and will continue to sustain significant financial damages.

## **COUNT II- BREACH OF FIDUCIARY DUTIES- SUSAN FULTZ**

45. Plaintiff incorporates all prior paragraphs by reference as if fully rewritten herein.

46. At all times relevant herein, Susan Fultz has been the majority member, and Managing Member of REPS Resource, LLC.

47. The manager of a limited liability company, who is also a member, is required to discharge their duties to the limited liability company and to the members consistent with the implied covenant of good faith and fair dealing. (ORC Section 1706.31)

48. Each member of a limited liability owes a fiduciary duty to one another and must act in good faith in all transactions relating to the company.

49. In particular, the Managing Member of a closely held corporation owes the duty of loyalty and duty of care to the LLC and all members.

50. In a close corporation, a majority shareholder breaches their fiduciary duty when that shareholder manipulates his or her control over the close corporation in order to unfairly acquire personal benefits owing to or not otherwise available to minority shareholders of the close corporation.

51. By virtue of their superior position to minority shareholders, a fiduciary majority shareholder must demonstrate that their actions are fair, reasonable, and based on a full disclosure of relevant information.

52. Defendant Susan Fultz has breached each of the fiduciary duties owed to minority Member Dr. Ashok Pilly by, amongst other things: arranging/approving the payment of excessive salaries to herself and co-Defendant Daryl Fultz; arranging/approving the payment of excessive bonuses to herself and co-Defendant Daryl Fultz; by failing to provide timely, accurate financial information to Plaintiff; by failing to provide timely/accurate communication to Dr. Pilly regarding

the operations of REPS; and by elevating her interests, and the interests of co-Defendant Daryl Fultz over the interests of minority members such as Dr. Pilly.

53. Defendant Susan Fultz, by virtue of her positions as Majority and Managing Member of REPS breached the fiduciary duties owed Dr. Pilly as a minority shareholder, by using her majority control of the company to her advantage (and to the exclusion of Dr. Pilly), without providing the Dr. Pilly an equal opportunity to benefit and without any legitimate business purpose.

54. Susan Fultz has further breached her fiduciary duties by manipulating her control over the close corporation in order to unfairly acquire personal benefits owing to or not otherwise available to minority member, Dr. Ashok Pilly.

55. As a result of these breaches, Plaintiff Dr. Ashok Pilly has sustained, and will continue to sustain significant financial damages.

## **COUNT III- CONVERSION (BOTH DEFENDANTS)**

56. Plaintiff incorporates all prior paragraphs by reference as if fully rewritten herein.

57. The tort of conversion involves the wrongful taking, holding, or misuse of another's property.

58. Plaintiff Pilly has the right to possession of his pro rata share of the profits of REPS Resource.

59. Rather than distributing his share of profits, Defendants have instead converted Dr. Pilly's property for their own use via the payment to themselves of excessive salaries and bonuses.

60. As a result, Dr. Pilly has suffered and will continue to suffer significant financial damages. Plaintiff is entitled to an award of disgorgement against Defendants.

**WHEREFORE**, Plaintiff demands as follows:

1. A Trial by Jury on all issues properly triable;

2. Compensatory damages in excess of $75,000;

3. That Plaintiff be awarded the costs of this action, including reasonable attorneys' fees.

Respectfully submitted,

*Christopher J. Mulvaney*

Christopher J. Mulvaney (068517)
THE MULVANEY FIRM, LLC
8190- A Beechmont Ave., Suite 323
Cincinnati, OH 45255
Tel: (513) 300-3480
Email: CMulvaney@mulvaneylegal.com
***Attorneys for Plaintiff Dr. Ashok Pilly***

## JURYDEMAND

Plaintiff hereby requests a trial by jury of the maximum number of jurors allowed by law.

*Christopher J. Mulvaney*
Christopher J. Mulvaney (068517)