IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ASHOK PILLY | : | Case No. 1:25-cv-00377-MRB |
| Plaintiff, | : | |
| v. | : | |
| SUSAN FULTZ, et al., | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS AND/OR STAY PROCEEDINGS

Defendants Susan Fultz and Daryl Fultz, respectfully move this Court to dismiss this action based upon the following: (1) pursuant to Fed. R. Civ. P. 12(b)(1), this Court lacks subject-matter jurisdiction over the claims asserted by Plaintiff because Plaintiff lacks standing to assert these claims, (2) pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, Fed. R. Civ. P. 12(b)(3) and the forum *non conveniens* doctrine, the forum-selection provision between the parties requires this dispute to be litigated in the Butler County Court of Common Pleas, where an action between the parties is already pending, and (3) the *Colorado River* abstention doctrine and the prior decision of the state court in the current and pending litigation between the parties in *REPS Resource, LLC v. Ashok Pilly*, Butler County Court of Common Pleas, Case No. CV 2025 02 0286. In the alternative, Defendants move this Court to stay this action unless and until the state court action is adjudicated to a final judgment. This motion is supported by the contract between the parties, the recent motions and decision in the state court case, and the attached memorandum.

Respectfully submitted,

_____
August T. Janszen (0062394)

**JANSZEN LAW FIRM**
**A Legal Professional Association**

JANSZEN LAW FIRM CO., L.P.A.
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
(513) 326-9065 (telephone)
(513) 535-5333 (mobile)
atjanszen@janszenlaw.com
Attorney for Defendants, Susan and Daryl Fultz

## MEMORANDUM

I.   STATEMENT OF THE CASE AND MATERIAL FACTS

   A.   First Lawsuit and Settlement Agreement

Plaintiff Ashok Pilly ("Pilly") is a minority member in REPS Resource, LLC, an Ohio engineering company located in West Chester, Butler County, Ohio. [DE 1 - Complaint, ¶ 7]. Defendant Susan Fultz is the CEO and majority member of REPS. *Id.* at ¶ 5. Her husband, Daryl Fultz, is the president and a former member of REPS. *Id.* at ¶ 6.

In 2010, Pilly and a group of investors from India (including Sailesh Sigatapu and Sreedhar Bandura) approached Daryl and Susan Fultz to purchase REPS. *Id.* at ¶ 9. When the investors defrauded the Fultzes and breached the purchase agreement, the Fultzes filed a lawsuit against Pilly and his investor group in the Butler County Court of Common Pleas. *Id.* at ¶ 13. Following the litigation, the parties entered into a Settlement Agreement and Release, in which Pilly retained a minority membership interest (46%), the Fultzes agreed to work at REPS through September 30, 2014, and the parties agreed to enter into a new Membership Agreement. *Id.* at ¶¶ 10-15. *See also* Full and Final Settlement Agreement (attached hereto as Exhibit 1-A) (hereinafter "Settlement Agreement"). As a material term and condition of the Settlement Agreement, the parties expressly agreed "that Butler County Court of Common Pleas in the City of Hamilton, Butler County, Ohio, shall have sole and exclusive jurisdiction over any and all claims, demands, losses, rights, remedies, enforcement, and/or alleged breaches of this Agreement." Settlement Agreement, ¶ 11.

Following the settlement, however, Pilly refused to execute a new Membership Agreement, which would have set forth the various rights and remedies of the members, the compensation for officers, and related matters of corporate governance. *Id*. Notwithstanding Pilly's breach of contract, Susan and Daryl Fultz continued to work and manage the company for the last 13 years, with zero involvement or participation from Pilly, during which time Pilly has earned over $1,100,000.00 in distributions (*in addition to* his tax payment distributions). *Id.* at ¶ 27. Beginning during COVID, REPS started retaining earnings due to very substantial changes in the business and the growing need to acquire and/or merge with another engineering company. *Id.* at ¶ 23.

B. **Pending Lawsuit in Butler County**

In February of 2025, REPS filed a lawsuit against Pilly in the Butler County Court of Common Pleas, as a result of Pilly's ongoing threats, harassment, and misconduct. *See REPS Resource, LLC v. Ashok Pilly*, Butler County Court of Common Pleas, Case No. CV 2025 02 0286 ("State Lawsuit"), Amended Complaint (attached hereto as Exhibit 1). More specifically, in an effort to coerce REPS and Susan Fultz to make more distributions to himself, Pilly began viciously attacking Susan and Daryl Fultz, filing false and defamatory statements and complaints with the Internal Revenue Service, the Ohio Civil Rights Commission, and the Better Business Bureau. *Id.* at ¶¶ 12-34. In response, Pilly filed a motion to dismiss in the Pending Lawsuit, arguing *inter alia* that the forum-selection provision in the Settlement Agreement was unenforceable. *See* Pilly's Motion to Dismiss (attached hereto as Exhibit 2). REPS opposed the motion to dismiss, and the trial court agreed. On July 3, 2025, Judge Haughey overruled Pilly's motion, and the case remains pending for adjudication. *See* Order Granting in Part and Denying in Part Motion to Dismiss (July 3, 2025) (attached hereto as Exhibit 3).

### C. Federal Lawsuit

While the State Lawsuit was pending, Pilly filed this lawsuit against Susan Fultz, as the managing member, and Daryl Fultz, as a "former member and past and/or current president," alleging that Daryl "owed and owes a duty of loyalty to [REPS] and its members." *Id.* at ¶ 39. Pilly alleges that Daryl breached his fiduciary duties by "approving the payment of excessive bonuses to himself and co-Defendant Susan Fultz," by "failing to provide timely, accurate financial information to [Pilly]," and by "elevating his interests … over the interests of minority members such as [Pilly]." *Id.* at ¶ 43. Pilly seeks direct payment of damages to himself for the alleged damages to REPS and other minority members. *Id.* at ¶ 44. Pilly asserts the exact same claims against Susan Fultz, alleging that she owes fiduciary duties to REPS and its minority members as the majority member and CEO. *Id.* at ¶¶ 49-54. Pilly also asserts the same claims and the nonpayment of distributions as "conversion" by Susan and Daryl Fultz, even though such distributions are only made by REPS, not the majority member and her husband. *Id.* at ¶ 56-60.

## II. LEGAL BASIS FOR GRANTING MOTION TO DISMISS

This Court should dismiss the Complaint filed by Pilly in this duplicative lawsuit for three independently dispositive reasons. First, Pilly lacks the standing to sue the majority member and an officer of the company (REPS) in his individual capacity. Second, as set forth in the contract between the parties, Pilly's claims should be dismissed under Rules 12(b)(6), 12(b)(3), and/or the forum *non conveniens* doctrine based upon the forum-selection provision contained in the Settlement Agreement and the pending litigation in the Butler County Court of Common Pleas, which court "shall have sole and exclusive jurisdiction over any and all claims, demands, losses, rights, [and] remedies." Finally, this Court should dismiss this action, or in the alternative stay

this action, based upon the *Colorado River* abstention doctrine and the strong public policy against duplicative litigation, forum-shopping, and piecemeal litigation, which may result in inconsistent and conflicting decisions by this Court and the state court.

> **A. This Court Lacks Subject-Matter Jurisdiction Over this Claim Because Pilly Lacks Standing to Assert Claims Directly Against Susan and Daryl Fultz for the Alleged Rights, Remedies, and Obligations of REPS**

As alleged in the Complaint, Pilly is a minority member of REPS, owning 46% of the issued and outstanding membership interest, having purchased the same from Daryl Fultz as part of his investment group. *See* Complaint, ¶ 9, 15. Daryl Fultz is a former member and the current president of REPS. *Id*. at ¶ 6. Susan Fultz is the CEO and majority member of REPS. *Id*. at ¶ 5. In his capacity as a minority member of REPS, Pilly has sued Daryl Fultz for the alleged breach of his fiduciary duties to the company (REPS), including the allegations that (1) Daryl approved "excessive bonuses to himself and co-Defendant Susan Fultz," (2) Daryl failed "to provide timely/accurate communications to Dr. Pilly regarding the operations of REPS," and (3) Daryl "elevat[ed] his interests and the interests of co-Defendant Susan Fultz over the interests of minority members such as Dr. Pilly." *Id*. at ¶ 43. Pilly then alleges these same allegations against Susan Fultz and alleges that Susan failed to provide Pilly with "an equal opportunity to benefit" and "unfairly acquired personal benefits ... not otherwise available to minority member[s]." *Id*. at ¶¶ 52-54. Finally, Pilly alleges that Daryl and Susan Fultz converted his property by receiving "excessive salaries and bonuses" from REPS, and that the Defendants must disgorge such payments directly to Pilly as a minority member of REPS. *Id*. at ¶¶ 58-60.

"Standing is a jurisdiction requirement. If no plaintiff has standing, then the court lacks subject-matter jurisdiction. When a court lacks jurisdiction, it 'cannot proceed at all in any cause." *Tenn. v. United States Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019) (internal citations omitted).

"[A] plaintiff must demonstrate standing for each claim he seeks to press," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006), and "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000).

Under Ohio law, subject to only a very limited and narrow exception, the members of a limited liability company do not have standing to assert a direct claim against majority members. *Blank v. Bluemile, Inc.*, 2021-Ohio-2002, 174 N.E.3d 859. "Because a limited liability company is distinct from its members, an individual member of a limited liability company lacks standing to assert claims individually where the cause of action belongs to the company." *Id.* at ¶ 19 (*citing TD Ltd., LLC v. Dudley*, 2014-Ohio-3996, ¶ 16, fn. 2). Under Ohio law, claims and allegations against the officers and directors of a corporate entity "is an injury borne by the corporation itself." *Zillich v. Zillich*, No. 1:18-cv-540, 2019 U.S. Dist. LEXIS 59311, at *13 (*citing Grand Council of Ohio v. Owens*, 86 Ohio App. 3d 215, 620 N.E.2d 234, 237 (1993)). "A plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed toward the corporation." *Adair v. Wozniak*, 23 Ohio St.3d 174, 23 Ohio B. 339, 492 N.E.2d 426 (1986), syllabus.

In *Zillich*, the plaintiff asserted claims against the majority shareholders of the company (Zillich Interiors), alleging they had breached their fiduciary duties by failing to provide financial statements and enriching themselves at his expense as a minority shareholder. *Id*. at *5-6. In granting the motion to dismiss, the trial court held that "only a corporation, not its shareholders, can complain of an injury sustained by the corporation." *Id*. at *13 (*citing Adair v. Wozniak*, 23 Ohio St.3d 174, 492 N.E.2d 426, 428 (1986)). While Ohio law recognizes a limited exception for

a direct action by a minority shareholder, such claims only arise when the minority member has been "injured in a way that is separate and distinct from an injury to the corporation." *Id*. at *13 (*quoting Crosby v. Beam*, 47 Ohio St.3d 105, 548 N.E.2d 217, 219 (1989)). The *Crosby* exception also has no application to claims against individuals who are not majority shareholders.

In application to the case at bar, Pilly has sued the majority member of REPS (Susan) and a non-owner (Daryl), alleging that (1) they received excessive compensation *from the corporate entity* (REPS), (2) they failed to provide "timely, accurate financial information," and (3) they "unfairly acquired personal benefits" from the corporate entity. *See* Complaint, ¶¶ 38-44, 46-55. Pilly alleges that the Defendants took excessive compensation *from REPS* and that they are required to "disgorge" the compensation received. Pilly has no standing to assert these claims in his individual capacity, as any alleged excessive compensation to an employee would be repaid to the company (REPS), for the benefit of all members, and not paid directly to one minority member.[1] Rather, Pilly has only an *indirect* claim for any alleged injury, as one of the members, and not a direct claim for "excessive compensation" paid to Defendants (i.e., Pilly would have only 46% interest of any member distributions, made from the repayment, to all members). Pilly has no standing to pursue a direct claim for excessive compensation or to individually receive the alleged "disgorgement" of such compensation.

B.     **Dismissal is Required under the Forum-Selection Provision and the Forum *Non Conveniens* Doctrine**

Federal courts evaluate forum-selection clauses in a two-step process. *Lyon v. Winnebago Indus.*, No. 2:24-cv-4239, 2025 U.S. Dist. LEXIS 106982 (S.D. Ohio 2025), at *4 (*citing Lakeside*

---

[1] Pilly generally alleges the interest of himself and Susan Fultz, while omitting the fact that another party in the original investment (CSI Global, LLC) is also a minority member. *See* Complaint, ¶¶ 13-16. *See also* Settlement Agreement, ¶ 7.

7

*Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021)). First, the court must first determine "whether the forum-selection clause is applicable, mandatory, valid, and enforceable." *Id*. (*quoting Lakeside Surfaces, Inc.*, 16 F.4th at 215). "The party opposing the forum-selection clause bears the burden of showing that the clause should not be enforced." *Id*. at *4-5 (*quoting Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 309 (6th Cir. 2024) (*quoting Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)). Second, the trial court must determine whether there is evidence that "can defeat the strong presumption in favor of enforceability," based upon the following factors: (1) whether the clause was obtained by fraud or duress, (2) whether the designated forum would be ineffective or unable to handle the suit, (3) whether the designated forum would "be so seriously inconvenient" that it would be unjust to the plaintiff to bring suit there, and (4) "whether the forum select provision contravenes a strong public policy of the forum state." *Id*. at *5 (*quoting Lakeside Surfaces, Inc.*, 16 F.4th at 219).

If the trial court determines that the forum-selection provision is applicable and enforceable under this analysis, the court must then decide whether to dismiss or to transfer the case. *Id*. at *5. When the forum-selection clause designates a court "within the federal court system," then the appropriate remedy is to transfer the case pursuant to 28 U.S.C. § 1404(a). *Id*. (*citing Firexo*, 99 4th at 310). When the forum-selection clause designates a state court, then dismissal under the forum *non conveniens* doctrine is the appropriate method of enforcement. *Id*. In conducting the forum *non conveniens* analysis, however, "'the plaintiff's choice of forum merits no weight,' and it is the plaintiff's burden to establish that transfer or dismissal is unwarranted." *Id*. at *6 (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013)). Rather, only the "public interest" factors are to be considered in applying the forum *non conveniens* doctrine.

In application to the case at bar, the forum-selection provision is "applicable, mandatory, valid, and enforceable." The Settlement Agreement was negotiated over the course of a two-day mediation, and this clause was material and essential to the Fultzes, given that Pilly and his CSI investor group were out-of-state parties (and, in some cases, well beyond the jurisdiction of the Court in Hyderabad, India). *See* Settlement Agreement, pp. 1-2. The forum-selection provision provides:

> **<u>Jurisdiction and Choice of Law</u>**. The Parties hereby represent, acknowledge, and agree that this Agreement shall be governed, interpreted, and enforced in accordance with Ohio law, excluding any choice of law rules that would require the application of the law of a different state or jurisdiction. The Parties further agree that the Butler County Court of Common Pleas in the City of Hamilton, Butler County, Ohio, shall have sole and exclusive jurisdiction over any and all claims, demands, losses, rights, remedies, enforcement, and/or alleged breaches of this Agreement. The Parties further agree that, to the extent permitted by Ohio law, the trial court in the Lawsuit shall retain continuing jurisdiction to enforce any rights, duties, obligations, and/or alleged breaches of this Agreement.

*See* Settlement Agreement, ¶ 11. As a matter of contract interpretation, and pursuant to the last antecedent rule, "a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Nissan N. Am., Inc. v. Cont'l Auto. Sys.*, 92 F.4th 585, 591-92 (6th Cir. 2024) (*quoting Barnhart v. Thomas*, 540 U.S. 20, 26, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003). Grammatically and as a matter of contract interpretation, the phrase "of this Agreement" modifies only the final item in the list ("breaches") because there is no comma between the two. *See, e.g., Nissan N. Am.*, 92 F.4th at 592 (contract provision limiting liability to "damages or cost arising from claims of personal injury or property damages *caused directly or indirectly by defective parts supplied by Seller*," the italicized antecedent clause did not modify "claims of personal injury"). In addition, the final settlement of the forum-selection clause

separately invokes and continues the jurisdiction of the Butler County Court of Common Pleas to "enforce the rights, duties, obligations, and/or alleged breached of this Agreement."

In his complaint, Pilly has asserted **claims** against the Fultzes, asserting his **rights** to financial information and distributions, while claiming he has suffered **losses** by virtue of his membership interest in REPS. *See* Complaint, ¶¶ 42-44, 52-55, 58-60. Pilly's claims are subject to the forum-selection provision under the plain, unambiguous language of the contract. *See* Settlement Agreement, ¶ 11. The contract language is mandatory, stating that the Butler County Court of Common Pleas "**shall** have sole and exclusive jurisdiction over any and all claims, demands, losses, rights, [and] remedies" of the parties. *Id*. (emphasis added). A forum-selection clause "is prima facie valid as long as the parties freely bargained for it. In the absence of evidence of fraud or overreaching, a court should enforce the clause 'unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust.'" *Total Quality Logistics, LLC v. DeSantis*, 2020 U.S. Dist. LEXIS 21299 (S.D. Ohio 2020), at *7 (internal citations omitted). "'Only under extraordinary circumstances unrelated to the convenience of the parties should' the Court decline to enforce the parties' valid forum-selection clause." *Lyon*, *13 (*quoting Atl. Marine*, 571 U.S. at 62).

Finally, all of the "public interest" factors weigh in favor of dismissal in this action. First, all of the parties are amenable to process and jurisdiction in Butler County, and in fact, that issue has already been decided by the Butler County Court of Common Pleas. *See* State Lawsuit.[2] While Pilly omitted the company (REPS) from this lawsuit, the two cases relate to and arise from Pilly's demands for distribution and his misconduct against REPS and Daryl and Susan Fultz, seeking to

---

[2] If and when Defendants answer the claims (or counterclaims) of Pilly, Defendants will also assert Pilly's breach of the Settlement Agreement and, in particular, his refusal to enter into the required membership agreement, as a complete defense to his claims. *See* Settlement Agreement, ¶ 10.

10

harass, intimidate, and defame them with baseless EEOC filings, complaints with the Better Business Bureau, and false reports submitted to the Internal Revenue Service. In addition, all of Pilly's claims are brought under state law, "making an Ohio state court the default forum for such claims." *Orthopaedic Spine Ctr., LLC v. Henry*, No. 2:16-cv-0893, 2017 U.S. Dist. LEXIS 200723 (S.D. Ohio 2017). "[T]he local state court has an interest in adjudicating the litigation," and "Ohio law will apply regardless of whether the case is heard here [in federal court] or in state court." *Id*. at \*15 (*quoting Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016)).

In *Orthopaedic Spine Ctr,* the trial court addressed a similar forum-selection provision, which required the action to be filed in state court (Franklin County). *Id*. at \*1-2. Notwithstanding this forum-selection provision, the plaintiff filed the action in the U.S. District for the Southern District of Ohio, Eastern Division. *Id*. The court found that the forum-selection provision was applicable, mandatory, valid, and enforceable, and that none of the public policy factors mitigated against dismissal. The court held, "If a defendant succeeds in its forum *non conveniens* challenge, the action must be dismissed." *Id*. at \*9 (*citing Atl. Marine Const. Co.,* 134 S. Ct. at 583 n. 8). The *Orthopaedic Spine Ctr.* court explained that "Franklin County Court of Common Pleas is just as appropriate as the Southern District of Ohio," and that public interests are served by having all claims and counterclaims against all parties decided "in a single forum." *Id.* at \*18-19.

In the case at bar, the parties entered into a contract, expressly providing that "the Butler County Court of Common Pleas in the City of Hamilton, Butler County, Ohio, shall have sole and exclusive jurisdiction over any and all claims, demands, losses, rights, [and] remedies," among other disputes. Pilly has breached the contract by filing this action in federal court, rather than Butler County Court of Common Pleas, and federal law requires the dismissal of this action under Fed. R. Civ. P. 12(b)(6), 12(b)(3), and/or the forum *non conveniens* doctrine. Indeed, the dismissal

of this action will enable Pilly not only to assert claims in the proper venue, but to properly assert only the claims, if any, for which he has standing.

  **C. This Court Should Decline Jurisdiction and/or Stay this Action Pursuant to the Colorado River Abstention Doctrine, Jurisdictional Priority Rule, and Public Policy**

As outlined above, the underlying dispute between the parties is already pending in the Butler County Court of Common Pleas, where the parties have already litigated the forum-selection provision (with the trial court, overruling Pilly's objections). All of the claims asserted in the State Lawsuit relate to and arise from the underlying dispute between the parties concerning Pilly's demand for more financial information and member distributions. *See* First Amended Complaint. This state action has been pending since February of 2025, and all of the claims asserted by Pilly in this action.

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976), the Supreme Court held that a federal court may abstain from exercising jurisdiction in deference to a parallel state court proceeding involving substantially similar parties and claims. *See also Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998). As outlined by the Sixth Circuit, there are eight factors to consider in deciding whether to abstain from jurisdiction: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 340-41 (internal citations omitted).

In application to the case at bar, all of the relevant factors weigh in favor of abstention under the *Colorado River* doctrine. The Butler County Court of Common Pleas has already assumed jurisdiction over the matter, the case has been pending for more than six months, and Butler County is the venue selected by the parties. The applicable law is also the law of the State of Ohio, which provides a full, complete, and adequate remedy to the parties. Most importantly, Pilly has purposefully engaged in forum shopping, filing this action months after the State Lawsuit, with his motion to dismiss pending in the State Lawsuit. Finally, the exercise of jurisdiction presents a significant risk of inconsistent and conflicting rulings, as the exact same claims and counterclaims will be asserted in both cases.

Accordingly, this Court should abstain from exercising jurisdiction under the Colorado River doctrine and either dismiss this action or stay the action, pending the final adjudication and judgment entered in the State Lawsuit.

### III. CONCLUSION

This Court should dismiss this action pursuant to Rules 12(b)(3), 12(b)(6), the forum non *conveniens* doctrine, and the Colorado River Abstention Doctrine. First, as a minority member seeking repayment of excessive compensation to the company (REPS) and additional financial disclosures by the company, Pilly lacks standing to assert any direct claim against Susan and Daryl Fultz. This lack of standing is jurisdictional, and the case must be dismissed. Second, the Court should dismiss the case under Rule 12(b)(6) and/or the forum *non conveniens* doctrine because the agreement between the parties contained a forum-selection provision, requiring original jurisdiction in the Butler County Court of Common Pleas, where the dispute is already pending. Finally, this Court should dismiss or stay this action under the Colorado River Abstention Doctrine,

as essentially the "other side" of this dispute is already pending and the state court has already litigated the forum-selection provision adverse to Pilly.

Date:  August 11, 2025            Respectfully submitted,

/s/ *August T. Janszen*
August T. Janszen (0062394)
JANSZEN LAW FIRM CO., L.P.A.
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
(513) 326-9065 (telephone)
(513) 535-5333 (mobile)
atjanszen@janszenlaw.com
Attorney for Plaintiff,
REPS Resource, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Courts using the Court's CM/ECF system which will send notification of such filing to the counsel of record on this 11th day of August, 2025.

/s/ *August T. Janszen*
August T. Janszen (0062394)

**JANSZEN LAW FIRM**
**A Legal Professional Association**